**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RODNEY R. SCHOEMANN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0802** |
| **F. DOUGLAS MURRELL AND MATTHEW MURRELL** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Rodney R. Schoemann, Sr.'s "Motion for a New Trial," which the court construes as a motion to supplement the complaint, pursuant to Federal Rule of Civil Procedure 15(d), is **DENIED**. (Document #20.)

## I. BACKGROUND

Matthew Murrell, a Minnesota resident, was the president of United Consulting Corporation (United Consulting), a Nevada corporation. Douglas Murrell, Matthew's father who resides in Texas, was a shareholder in United Consulting.

On September 23, 2004, Rodney R. Schoemann, Sr. approached Douglas about purchasing shares of United Consulting stock. United Consulting was planning to merge with Stinger Systems, Inc., which manufactures stun-guns. Schoemann was interested in the stun-gun market and purchased 100,000 share of stock in United Consulting at $.75 per share.

Schoemann paid Murrell $75,000 from his E*Trade account on September 29, 2004. The purchase agreement provided that the United Consulting stock was "freely tradable," *i.e.* it could be sold to third parties. Schoemann relied on an opinion of Murrell's securities-law attorney, Gary Henrie of Utah, that the shares were unrestricted. Doug and Schoemann believed the stock was freely tradable because Doug was not an officer, director, or majority shareholder of United Consulting.

Schoemann resold the 100,000 shares for $967,901, earning a profit of almost $900,000. The Securities and Exchange Commission (SEC) investigated the transaction and filed a suit against Doug, alleging violations of sections 5(a) and 5(c) of the Securities Act of 1933. Doug settled the case for $55,000 plus interest. The SEC also filed an administrative claim against Schoemann seeking the disgorgement of profits earned on the resale of the shares plus prejudgment interest. Schoemann incurred over $400,000 in legal fees opposing the SEC's claim. The administrative decision of the SEC is on appeal.

Schoemann filed a complaint against Doug and Matthew to recover damages in connection with the stock sale. Schoemann alleges that the securities-law attorney's opinion was inaccurate because of negligent or intentional misrepresentations made by Doug and Matthew.

Matthew filed a motion to dismiss for lack of *in personam* jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and the court granted the motion on October 1, 2009. Schoemann filed a "Motion for a New Trial," pursuant to Federal Rule of Civil Procedure 59(a).

## II. DISCUSSION

As a preliminary matter, Schoemann mischaracterizes the motion as one for a new trial

pursuant to Rule 59(a). The court construes his motion as a motion for leave to supplement the complaint to allege a claim for conspiracy, pursuant to Rule 15(d).

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998) (citing Fed. Rule Civ. Pro. 15(d)). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide." Id. "Rule 15(d) is clear that the court may permit a supplemental pleading setting forth changed circumstances." Id.

In this case, Schoemann has not alleged events that occurred after the filing of the original complaint. Nothing has changed except the grant of Matthew's motion to dismiss for lack of personal jurisdiction. Accordingly, the Rule 15(d) motion to supplement the complaint is denied.

New Orleans, Louisiana, this ___4th__ day of November, 2009.


MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE